IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| VICTOR MANUEL MENDOZA, | § | |
| Reg. No. 10730-280, | § | |
|     Movant, | § | |
| | § | EP-11-CV-552-KC |
| v. | § | EP-08-CR-754-KC-1 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

In a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 [ECF No. 150],[1] Movant Victor Manuel Mendoza ("Mendoza") challenges his conviction and seventy month sentence for conspiring to possess with the intent to distribute a quantity of cocaine. He claims his counsel provided constitutionally ineffective assistance when he failed to advise him of the immigration consequences of a conviction, move for a minor role adjustment, object to the quantity of cocaine attributed to him, or raise the issue of entrapment in any of its various guises. Upon reviewing the record and for the reasons discussed below, the Court finds that Mendoza's motion is untimely and that he is not entitled to equitable tolling.[2] Accordingly, the Court will dismiss his motion.[3] The Court will additionally decline to certify his issues for appeal.

---

[1] "ECF No." in this context refers to the Electronic Case Filing number for documents docketed in EP-08-CR-754-KC-1.

[2] *Cf. Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999) ("[W]e hold that the district court was within its authority under Rule 4 and Rule 11 of the Rules Governing [28 U.S.C.] Section 2254 Cases when it raised the . . . statute of limitations defense *sua sponte*."); *see also United States v. Flores*, 135 F.3d 1000, 1002 n.7 (5th Cir. 1998) ("Because of the similarity of the actions under sections 2254 and 2255, they have traditionally been read *in pari materia* where the context does not indicate that would be improper.").

[3] *See* 28 U.S.C.A. § 2255 Proc. R. 4(b) (West 2011) ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the

A § 2255 motion to vacate, set aside, or correct a sentence is subject to a one-year limitations period.[4] A federal prisoner must file his motion within one year from the date on which (1) the judgment became final, (2) the government-created impediment to filing the motion was removed, (3) the United States Supreme Court initially recognized—and made retroactively applicable to cases on collateral review—the legal predicate for the motion, or (4) the movant could have discovered—through due diligence—the factual predicate for the motion.[5]

The one-year limitations period is not jurisdictional and is subject to equitable tolling.[6] Equitable tolling is not, however, available for "'garden variety claims of excusable neglect.'"[7] It "is permitted only 'in rare and exceptional circumstances.'"[8] Such circumstances include situations in which a movant is actively misled by the respondent "'or is prevented in some extraordinary way from asserting his rights.'"[9] Additionally, "'[e]quity is not intended for those who sleep on their rights.'"[10] Rather, "'[e]quitable tolling is appropriate where, despite all due

---

judge must dismiss the motion and direct the clerk to notify the moving party.").

[4] 28 U.S.C.A. § 2255(f) (West 2011).

[5] *Id.*; *United States v. Brown*, 305 F.3d 304, 306–07 (5th Cir. 2002).

[6] *Cf. Holland v. Florida*, -- U.S. --, --, 130 S. Ct. 2549, 2560 (2010) ("[W]e hold that § 2244(d) is subject to equitable tolling in appropriate cases.").

[7] *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

[8] *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)).

[9] *Id.* (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)).

[10] *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)).

diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim.'"[11] Moreover, a movant has the burden of proving that he is entitled to equitable tolling.[12] In order to satisfy his burden, he must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his § 2255 motion.[13] Finally, "[t]he decision to invoke equitable tolling is left to the discretion of the district court" and reviewed only for an abuse of discretion.[14]

In his motion, Mendoza does not claim that the Government created an impediment to filing his motion or that the Supreme Court recognized a new right made retroactively applicable to cases on collateral review.[15] Mendoza objectively knew or should have known the factual predicates for his claims well within the limitations period.[16] Thus, Mendoza's limitations period began to run when his judgment of conviction became final.[17]

---

[11] *Id.* at 715 n.14 (quoting *Pacheco v. Rice*, 966 F.2d 904, 906–07 (5th Cir. 1992)).

[12] *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (2000) (per curiam).

[13] *Lawrence v. Florida*, 549 U.S. 327, 336 (2007).

[14] *Cousin*, 310 F.3d at 848.

[15] 28 U.S.C.A. §§ 2255(f)(2)–(3).

[16] *Id*. § 2255(f)(4); *cf. Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) ("First, the time commences when the factual predicate 'could have been discovered through the exercise of due diligence', not when it was actually discovered by a given prisoner. Second, the trigger in [28 U.S.C.] § 2244(d)(1)(D) is (actual or imputed) discovery of the claim's 'factual predicate', not recognition of the facts' legal significance. . . . [F]ederal statutes use objective indicators as triggers. . . . Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance. If § 2244(d)(1) used a subjective rather than an objective standard, then there would be no effective time limit.").

[17] *Id*. § 2255(f)(1); *Dodd v. United States*, 545 U.S. 353, 357 (2005).

A judgment of conviction becomes final when the applicable period for seeking direct review expires.[18] Mendoza argues his conviction became final on June 1, 2011, or ninety days after the Fifth Circuit dismissed his appeal of the Court's denial of his untimely motion, pursuant to Federal Rule of Criminal Procedure 35(a), to reduce his sentence.[19] Stated differently, Mendoza argues that direct review does not end until all post-trial motions, including Rule 35 motions, are resolved. To determine whether Mendoza's Rule 35 motion affects the finality of his conviction, the Court must consider whether such a motion is part of the direct review or a collateral challenge of his conviction. The Supreme Court recently reaffirmed "a motion to reduce sentence under . . . Rule 35 of the Federal Rules of Criminal Procedure [invokes] a 'collateral' remedy."[20] Because a collateral challenge is a separate proceeding that does not interfere with the finality of a judgment, a delayed Rule 35 motion has no *per se* impact on the limitation period. In the instant case the Fifth Circuit dismissed Mendoza's direct appeal on April 1, 2009,[21] and Mendoza did not file a petition for writ of certiorari. The Court accordingly finds that Mendoza's conviction became final on June 30, 2009, when the ninety-day period for filing a petition for writ of certiorari expired.[22] Therefore, Mendoza's time period for filing a §

---

[18] *Clay v. United States*, 537 U.S. 522, 525 (2003); *United States v. Gamble*, 208 F.3d 536, 536–37 (5th Cir. 2000) (per curiam).

[19] *United States v. Mendoza*, No. 09-50251 (5th Cir. Mar. 2, 2011).

[20] *Wall v. Kholi*, -- U.S. --, --, 131 S.Ct. 1278, 1286 (2011) (citing *United States v. Robinson*, 361 U.S. 220, 230 n.14 (1960).

[21] *United States v. Mendoza*, No. 09-50158 (5th Cir. Apr. 1, 2009).

[22] *See* SUP. CT. R. 13(1) ("[A] petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a . . . United States court of appeals . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."); *see also Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) ("By 'final,' we mean a case in which a judgment of conviction has been rendered,

2255 motion within one year after his conviction became final expired on June 30, 2010. Mendoza's retained counsel submitted his § 2255 motion to the District Clerk on December 22, 2011. Thus, Mendoza filed his motion one year, five months, and twenty-three days beyond the deadline. It is therefore untimely, and must be denied, unless equitable tolling applies.

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable."[23] The decision whether to equitably toll the limitations period turns on the facts and circumstances of each case.[24] The movant bears the burden of establishing when equitable tolling is appropriate.[25] In order to satisfy his burden, the movant must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his § 2255 motion.[26]

After reviewing Mendoza's § 2255 motion, the Court finds that he was less than diligent in the pursuit of his relief. Mendoza waited two years, eight months, and twenty-two days after the Fifth Circuit dismissed his direct appeal—and nine months and twenty-one days after the Fifth Circuit dismissed his appeal of the Court's denial of his untimely Rule 35 motion—before he filed his § 2255 motion. Moreover, Mendoza could have discovered—through due

---

the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.").

[23] *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (per curiam) (internal quotations omitted).

[24] *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *see also Alexander v. Cockrell*, 294 F.3d 626, 628 (5th Cir. 2002) (per curiam) (stating that factual findings regarding equitable tolling are reviewed for clear error).

[25] *Phillips*, 216 F.3d at 511.

[26] *Lawrence*, 549 U.S. at 336.

diligence—the factual predicates for his claims at the time he filed his direct appeal. Furthermore, he fails to cite any extraordinary circumstance which somehow prevented him from pursuing his motion. The Court accordingly finds that Mendoza has not satisfied his burden of showing that he is entitled to equitable relief. Therefore, the Court concludes that Mendoza's motion is time-barred, that he is not entitled to equitable tolling, and that the Court need not address the merits of his claims.

## EVIDENTIARY HEARING

A motion brought under § 2255 may be denied without a hearing if the motion, files, and records of the case conclusively show that the defendant is not entitled to relief.[27] The record in this case is adequate to dispose fully and fairly of Mendoza's motion. The Court need inquire no further on collateral review and an evidentiary hearing is not necessary.

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[28] Further, appellate review of a habeas petition is limited to the issues on which a certificate of appealability is granted.[29] In other words, a certificate of appealability is granted or denied on an issue-by-issue basis, thereby

---

[27] *Cf. United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (per curiam) (holding that there was no abuse of discretion in denying a § 2255 motion without a hearing where the movant's assertions of ineffective assistance were wholly conclusory in nature and refuted by reference to the record itself).

[28] 28 U.S.C.A. § 2253(c)(1) (West 2011).

[29] *See Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997) (holding that, in regard to the denial of relief in habeas corpus actions, the scope of appellate review is limited to the issues on which a certificate of appealability is granted).

limiting appellate review solely to those issues on which a certificate of appealability is granted.[30] Although Mendoza has not yet filed a notice of appeal, this Court nonetheless must address whether he is entitled to a certificate of appealability.[31]

A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[32] To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[33] Here, Mendoza's motion to vacate fails because he cannot establish that reasonable jurists could conclude that his motion is not time-barred. Accordingly, Mendoza is not entitled to a certificate of appealability .

## CONCLUSION AND ORDERS

For the reasons stated, the Court concludes Mendoza is not entitled to § 2255 relief or a certificate of appealability. Therefore, the Court enters the following orders:

1. Movant Victor Manuel Mendoza's request for an evidentiary hearing is **DENIED**.

---

[30] 28 U.S.C.A. §2253(c)(3) (setting forth the narrow scope of appellate review in habeas corpus matters); *Crutcher v. Cockrell*, 301 F.3d 656, 658 n.10 (5th Cir. 2002) (holding that a certificate of appealability is granted on an issue-by-issue basis, thereby limiting appellate review to those issues).

[31] *See* 28 U.S.C.A. § 2255 Proc. R. 11(a) (West 2011) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

[32] 28 U.S.C.A. § 2253(c)(2).

[33] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to certificate of appealability determination in context of § 2255 proceedings).

2. Movant Victor Manuel Mendoza's motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 [ECF No. 150] is **DENIED** and his civil cause is **DISMISSED WITH PREJUDICE**.

3. Movant Victor Manuel Mendoza is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

4. All pending motions in this cause, if any, are **DENIED AS MOOT.**

**SO ORDERED.**

**SIGNED** this **5th** day of **January 2012**.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE